Death Opinion














IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






PD-0356-09





STEVEN DOUGLAS FREEMAN, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


MCLENNAN COUNTY






 Per curiam.


O P I N I O N



 

 Appellant was stopped for a traffic violation and was ultimately arrested and charged
with driving while intoxicated. At trial, it came to light that the police videotape of
appellant's stop and field sobriety tests was recorded over. At the close of evidence,
appellant requested a spoliation instruction regarding the missing tape. Appellant did not cite
any constitutional authority in support of his requested instruction. The State argued that 
the federal standard under Arizona v. Youngblood, 408 U.S. 51 (1988), applied. The
requested instruction was denied.

 On appeal, the Waco Court of Appeals held appellant had adequately preserved his
claim under the Texas due course of law provision by requesting the instruction. The court
then applied the holding in Pena v. State, 226 S.W.3d 634 (Tex. App.--Waco 2007), which
held that the Texas due course of law provision provides a greater level of protection than
the Due Process Clause of the Fourteenth Amendment, to analyze the trial court's denial of
the requested instruction. The court ultimately held that appellant's due course of law rights
were not violated and affirmed his conviction and sentence.

 Appellant has filed a petition for discretionary review in which he complains, in part,
of the court of appeals' application of its own test established in Pena. However, this Court
has since reversed the court of appeals in Pena, holding that Pena had failed to preserve his
complaint that the Texas due course of law provides greater protection than the federal
provision. Pena v. State, PD-1411-07 (Tex. Crim. App. April 8, 2009). Based on our
decision in Pena, we grant appellant's petition for discretionary review, vacate the judgment
of the court of appeals, and remand this case to that court to reconsider whether the issue was
preserved. 

 

DELIVERED July 1, 2009

PUBLISH